**United States Bankruptcy Court**
**District of South Carolina**

IN RE:

Michelle Yvette Hodges
PO Box 95
Mauldin, SC 29662

CASE NO.: 19-05555-hb
CHAPTER 13

NOTICE OF MOTION/APPLICATION AND
OPPORTUNITY FOR HEARING

DEBTOR

**NOTICE OF TRUSTEE'S PETITION TO DISMISS CHAPTER 13 CASE**

Gretchen D. Holland, Trustee, has filed papers with the court to dismiss the above-noted chapter 13 case.

Your rights may be affected. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or you want the court to consider your views on the motion, then within 21 days of service of this notice, you or your attorney must :

File with the court a written response, return, or objection at:

1100 Laurel Street
Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

Gretchen D. Holland, Chapter 13 Trustee
20 Roper Corners Cir Ste C
Greenville, SC 29615-4833

and all parties listed on the attached Certificate of Service.

Attend the hearing scheduled to be heard on February 6, 2020 at 10:30 am at the United States Bankruptcy Court, Donald S. Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, SC 29306.

If no response, return, and/or objection is timely filed and served, no hearing will be held on this objection, except at the direction of the judge.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:  12/19/2019

/s/ Gretchen D. Holland

Gretchen D. Holland, Chapter 13 Trustee
20 Roper Corners Cir Ste C
Greenville, SC 29615-4833
864-242-0314
864-242-3679 Facsimile

**United States Bankruptcy Court**
**District of South Carolina**

IN RE:

Michelle Yvette Hodges
PO Box 95
Mauldin, SC 29662

CASE NO.: 19-05555-hb
CHAPTER 13

DEBTOR

## TRUSTEE'S PETITION TO DISMISS CHAPTER 13 CASE

The Chapter 13 Trustee in the above-referenced case respectfully requests that this case be dismissed pursuant to 11 U.S.C sec. 1307 for the reasons set forth below:

The Debtor has failed to file a confirmable plan. Please see attached.

WHEREFORE, the Trustee requests that this case be dismissed.

Date: 12/19/2019

/s/ Gretchen D. Holland

Gretchen D. Holland, Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The below signed states that she served the Petition and Notice of Hearing on the Debtor and the Attorney for the Debtor, by causing to be mailed, on this date, copies of the Petition and Notice of Hearing, first-class, postage prepaid at the Debtor's address listed above and the Attorney address listed below.

Attorney for Debtor:
Pro Se - Debtor

Date: 12/19/2019

/s/ Gretchen D. Holland

Gretchen D. Holland, Chapter 13 Trustee
20 Roper Corners Cir Ste C
Greenville, SC 29615-4833
864-242-0314
864-242-3679 Facsimile

## CHAPTER 13 TRUSTEE OFFICE
## Gretchen D. Holland, Trustee

| | |
|---|---|
| 20 Roper Corners Circle, Suite C | Phone: 864-242-0314 |
| Greenville, SC 29615 | Fax:   864-242-3679 |

December 19, 2019

Michelle Yvette Hodges
PO Box 95
Mauldin, SC  29662

RE:    Bankruptcy Case No.: 19-05555-hb

Dear Ms. Hodges:

I am writing to inform you of the **initial** deficiencies in your plan and schedules. **Your confirmation hearing is scheduled for January 9, at 10:00 am.**  You must correct the deficiencies noted below **prior to that hearing**.

**In addition, our office is filing a petition to dismiss your case due to these deficiencies.**

Although you may proceed without counsel in this case, I recommend that you contact a bankruptcy attorney to help you with your case. During your Chapter 13 bankruptcy, you will be required to use specific forms and adhere to strict time limits. This is often difficult to do without the assistance of an attorney.  Further, please remember that although an attorney does not currently represent you, neither this office nor I can offer you legal advice as to your case. Therefore, although I can tell you what the problems in your case are, I cannot tell you how to fix them.

**Problems that must be corrected and information that must be provided:**

1. Need to amend schedule A/B

- to list all assets (including a value for clothing)
- to correct values for vehicles (don't need to list claim amount)
- to answer Yes or No to # 4
- to correct answer to #31

2. Need to amend schedule C

- cannot check the 100% box
- cannot state real property & wildcard exemption on same line for primary residence
- need to use correct exemption codes

3. Need amended schedule G

- appears the debts listed aren't leases or executory contracts; if not, they need to be removed and disclosed on the appropriate schedule

Michelle Yvette Hodges
19-05555-hb

4. Need to amend schedule I - the one filed is not legible & has lots of stuff marked through

5. Need to amend schedule J

- the one filed is not legible & has lots of stuff marked through
- need to add mortgage payment

6. Need to amend Statement of Financial Affairs

- to correctly answer #7 and to fully complete

7. Need 2018 federal & state tax returns

8. Does your brother live with you? If yes, does he provide any contribution to the household expenses?

9. Need amended plan:

- need to check a box in each section (missing sections: 3.3, 3.4, 3.5, 4.5, 5.1, 5.2, 5.3 & 6.1)
- need to check the included box in section 1.3 since nonstandard provision in part 8
- section 3.1b - We do not pay just arrears on vehicles. Need to move to another section of the plan
- section 3.4 (avoidance section) - Since Wells Fargo is the 1st mortgage and not a judicial lien, need to move to another section of the plan
- need plan treatment for Kia of Greenville
- if NVR Mtg is different than Wells Fargo, need plan treatment
- Ally Financial filed their claim with a secured value of $8,575. We will pay the claim in full as secured unless an amended plan is filed to value
- plan is short; cannot determine base until we know how all creditors will be treated
- need to file a certificate of service showing that all creditors were served with the plan filed on 11/6/19

10. Unapproved, nonconforming language in section 8.1 will require a hearing; and the treatment is not legible

11. Creditor objection: Wells Fargo Bank (R. Davis)

Our office cannot review your case to determine if all requirements for confirmation have been met until you provide the requested information.

With kindest regards,

Christine Dunagin Loftis
Staff Attorney

CDL/
Enclosures